[Cite as *State v. Shamblin*, 2024-Ohio-5315.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :    Case No.  23CA9

    v.                               :

                                     :    <u>DECISION AND JUDGMENT</u>
RONALD L. SHAMBLIN, JR.,         :    <u>ENTRY</u>

    Defendant-Appellant.             :
_____

<u>APPEARANCES:</u>

Elizabeth Miller, Ohio Public Defender, Stephen P. Hardwick, Assistant Public Defender, Columbus, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, Jayme Hartley Fountain, Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Ronald L. Shamblin, Jr. appeals his conviction by a Pickaway County jury for Operating a Motor Vehicle While Under the Influence of Alcohol or Drug of Abuse, (OVI), R.C. 4511.19(A)(1)(j)(ix)/(G)(1)(e), a felony of the third degree, entered April 7, 2023 in the Pickaway County Court of Common Pleas.  On appeal, Shamblin contends:  (1) that the trial court erred by refusing to bifurcate an essential element of the charge, prior OVI, in order to have that issue determined by the trial court itself instead of

the jury; and, (2) that the trial court erred by permitting the State to submit a judgment entry of Shamblin's prior felony OVI conviction when the parties had earlier stipulated to the previous conviction. Based upon our review, however, we find Shamblin's assignments are without merit. Accordingly, the assignments of error are hereby overruled and the judgment of the trial court is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} A Pickaway County Grand Jury indicted Shamblin of the following three felonies:

| | |
|---|---|
| Count One: | R.C. 2921.331(B), failure to comply with an order or signal of a police officer; |
| Count Two: | R.C. 4511.19(A)(1)(j)(ix)/(G)(1)(e), operating a motor vehicle while under the influence of alcohol or drug of abuse; and, |
| Count Three: | R.C. 4511.19(A)(1)(a)/(G)(1)(e), operating a motor vehicle while under the influence of alcohol or drug of abuse. |

The underlying facts which led to Shamblin's indictment are not relevant to this appeal.

{¶3} Upon arraignment and entering not guilty pleas to the counts, Shamblin requested a jury trial.  Prior to trial, the State moved to amend the indictment to delete the third count.  The trial court granted the motion.

{¶4} Also prior to trial, Shamblin's counsel stipulated to the fact of Shamblin's prior felony OVI conviction.  Counsel, however, objected to evidence of the prior conviction, State's Exhibit One, a certified copy of Shamblin's prior felony OVI conviction from Franklin County, Ohio being presented to the jury.  During trial, Shamblin argued at sidebar that the court should determine the sole issue of whether or not he had a prior OVI conviction.  The trial court rejected this suggestion.  The trial court later explained the stipulation to the jury during closing instructions.

{¶5} Shamblin was convicted of both felony counts.  The trial court sentenced him to 30 months in prison on each count, to be served consecutively.[1]  The trial court also imposed a ten-year driver's license suspension.  This timely appeal followed.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT ERRED BY REFUSING TO
       ALLOW MR. SHAMBLIN TO LET THE TRIAL

---

[1] We note that the indictment references Count Two as "R.C. 4511.19(A)(1)(j)(ix)/(G)(1)(e), a felony of the third degree," and Count Two continues to be referenced as a felony of the third degree throughout the proceedings.  The appealed-from "Entry of Guilty on Jury Verdict; Entry of Sentence and Advisement of Discretionary Post Release Control" also references Count Two as a felony of the third degree, however, the revised code section cited is R.C. 4511.19(A)(1)(j)(ix) and "(G)(1)(d)," which would constitute a felony of the fourth degree.  Based upon a review of the record and the proceedings in its entirety, we perceive this to be a scrivener's error in the appealed-from entry.

COURT DETERMINE THE PRIOR CONVICTION ISSUE.

II.     THE TRIAL COURT ERRED BY PERMITTING THE STATE TO SUBMIT TO THE JURY A JUDGMENT ENTRY OF CONVICTION OF A PRIOR FELONY CONVICTION UNDER R.C. 4511.19 INSTEAD OF TELLING THE JURY ONLY THAT THE PARTIES HAVE STIPULATED THAT MR. SHAMBLIN HAD "PREVIOUSLY BEEN CONVICTED OF A VIOLATION OF DIVISION A OR B SECTION 4511.19."

{¶6} Shamblin requests that his conviction be reversed and the cause remanded for a new trial. Because Shamblin's assignments of error are interrelated, we consider them jointly.

LEGAL ANALYSIS

{¶7} 4511.19(A)(1)(a) provides that "No person shall operate any vehicle,…within this state, if, at the time of the operation,…the person is under the influence of alcohol, a drug of abuse, or a combination of them." Pertinent to sentencing, R.C. 4511.19(G)(1)(e) provides that, "an offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree." To prove that Shamblin was guilty of a third-degree felony OVI under R.C. 4511.19(G)(1)(e), the State was required to prove:

(1) that Shamblin had a prior conviction or had previously pleaded guilty to a felony OVI; and, (2) that he was operating a vehicle under the influence.

{¶8}  After jury selection, outside of the presence of the jury, the trial court discussed the stipulation as to Shamblin's prior OVI conviction. Defense counsel interposed an objection to the stipulation as follows:  "I was advised by verification that they had a certified copy of the prior conviction. I'm also objecting for the record to obviously using Mr. Shamblin's prior conviction…."  Thereafter, during the prosecutor's opening statement, she informed the jury that there would be "a certified copy of the prior conviction from Franklin County for driving under the influence."

{¶9} At the close of the State's case, the prosecutor offered Exhibits One through Four, Exhibit One being a certified copy of Shamblin's prior OVI conviction from a court in Franklin County, Ohio.  All exhibits were admitted without objection.  Later, at the close of the defense case, the trial court asked counsel if he wished to make a motion.  The following discussion ensued:

Mr. Hall:          Yes, Your Honor.  Thank you.  We, at the end
                   of the case we stipulated to my client's
                   previous or prior felony OVI conviction.  Part
                   of the reason we do that is to keep that out of
                   the hands of the jury so they don't hear that
                   very prejudicial piece of information that my
                   client has done this before.  However, upon
                   the stipulation, which the State agreed, to, the

State mentioned it in their opening, I suspect intends to mention it in closing.  And, in the jury instructions, it is, of course, referenced and put in the hands of the jury to determine if they convict him on OVI, that they may then proceed to determine whether or not he had  a prior felony conviction.  I think most of us OVI attorneys that deal with OVI, Your Honor, there's  a paragraph in here, if I may, that says another issue is whether the state is required to accept the defendant's stipulation of a prior offense….In general, a prosecutor is free to accept or reject any stipulations offered by the defendants.  However, once the state agrees to a stipulation, it's bound by it and should not make any further reference to evidence, other than the stipulation itself as proof of a prior offense.  So, Your Honor, here again, my understanding is that if the jury were to convict my client of this OVI charge, we stipulated that it would then be the court to consider and determine whether or not this was, in fact, enhanceable OVI with a prior felony, that the court alone would make that determination.  The jury makes the determination of fact and then the court makes it on the enhancements…..

Ms. Fountain:      It is my understanding that the actual enhancement is an element of the offense, and so it would be a jury finding for that prior conviction.  And so I believe Mr. Hall did indicate that if we stipulate it can be mentioned that there is a stipulation as to that particular matter but I believe that that is still a jury finding as it is an element.  Otherwise, it would not be a felony three, instead it would automatically be a felony four, Your Honor, in terms of the findings of facts by the jury.  And that is a fact and not just an element of the law,

Your Honor. We do have to produce that
conviction.

{¶10} Afterwards, the trial court ruled as follows:

Well, with respect to the stipulation, the
court does find that it is, in fact, an element,
relying on the case of *State v. Leasure*…that
is a fourth appellate district Ross County
case, citation 2015-Ohio-5327, which
follows the majority of court of appeals in
the state, and finds that even with the
stipulation, it is a finding as an element the
jury would have to make. So the court will
present it to the jury. The court, however,
has prepared a limiting instruction indicating
the use for which it is being introduced and
will give that as well.

{¶11} Later, in closing arguments, the prosecutor stated:

You'll also be required to find that the State
of Ohio, that he has a prior felony conviction.
You will have a certified copy of that
conviction from Franklin County. The
charge came from 2018, and it is a felony of
the fourth degree, operating a vehicle under
the influence. That's is State's Exhibit One.
You will be able to see that in the jury room
as well.

Based on our review of the above, without using the word "bifurcate,"

defense counsel implicitly moved the court to bifurcate the prior conviction

element by "suggesting," without actually requesting, that the court should

determine the prior conviction issue. Shamblin's counsel further argued that

the admission of State's Exhibit One was erroneous because it was a "prejudicial piece of information" the defense had hoped to keep from the jury.

{¶12} Now on appeal, Shamblin attempts to frame his argument as a constitutional one. Shamblin argues that neither R.C. 2945.05 nor Crim.R. 23(A) limit what issues a defendant may try to a court instead of a jury. R.C. 2945.05 provides that a defendant may waive a trial by jury and be tried by the court without a jury. Crim.R. 23(A) provides that a defendant may "knowingly, intelligently, and voluntarily waive in writing" the right to trial by jury. Shamblin further proposes that a de novo review is required by this court.

{¶13} Shamblin did not make a constitutional argument at the trial court level nor did he cite the above statute and criminal rule during his argument to the trial court. " In general, the '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute * * *, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.' " *State v. Imboden,* 2022-Ohio-4580, ¶ 18, quoting *State v. Awan,* 22 Ohio St.3d 120 (1986), syllabus. In Shamblin's

brief, the word "constitutional" is used but not even a vague constitutional argument is actually made.

{¶14} It is true that courts have some "discretion to consider a forfeited constitutional challenge to a statute." *State v. Quarterman*, 2014-Ohio-4034, ¶ 16; *see also In re M.D.,* 38 Ohio St.3d 149, (1988), syllabus. "We may review the trial court decision for plain error, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." (Citation omitted.) *Quarterman* at ¶ 16. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "The burden of demonstrating plain error is on the party asserting it." *Id.* The Supreme Court of Ohio has also stated that "a forfeited constitutional challenge to a statute is subject to review 'where the rights and interests involved may warrant it.' " *Id.,* quoting *In re M.D.*, at syllabus. Furthermore, a court of appeals is not required to construct a plain-error argument on behalf of a party. *See State v. Powell,* 2023-Ohio-2770, ¶ 112 (8th Dist.). Because Shamblin did not raise a constitutional challenge in the trial court, because he has not suggested that this court review this issue under a plain-error analysis, and because we are not required to construct an

argument for him, we decline to consider any constitutional argument. We see no "particular rights and interests" warranting such review. *See Matter of J.A.,* 2019-Ohio-4116, ¶ 12-13 (4th Dist.), especially in light of the well-settled law in Ohio regarding any attempt to bifurcate an essential element of a charge. *See also State v. Allen,* 29 Ohio St.3d 1987 (superseded by statute on other grounds as noted in *C.D. v. P.O.C.,* 2024-Ohio-1294, ¶ 29 (2d Dist.)).

{¶15} As indicated, we interpret Shamblin's argument as challenging the trial court's failure to bifurcate the issue of his prior conviction and trying only that element to the court instead of submitting it to the jury along with the other elements to be proven by the State. The trial court has the discretion to grant or deny a motion to bifurcate, a decision reviewed by an appellate court under the abuse of discretion standard. *Maher v. United Ohio Insurance Co.,* 2022-Ohio-1015, ¶ 51 (4th Dist.); *Prokos v. Hines,* 2014-Ohio-1415, ¶ 81 (4th Dist.). An abuse of discretion "is more than a mere error of law or judgment; it implies that a trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Martin*, 2017-Ohio-7556, ¶ 27, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Furthermore, "Although the abuse of discretion standard usually affords maximum [deference] to the lower court, no court retains discretion to adopt

an incorrect legal rule or to apply an appropriate rule in an inappropriate manner. Such a course of conduct would result in an abuse of discretion." *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals,* 2013-Ohio-5610, 5 N.E.3d 694, ¶ 16, citing Harsha, William, H., The Substance of Appeals, 17 Ohio Lawyer, No. 6, 17. Here, we find the trial court did not abuse its discretion in failing to bifurcate the prior conviction element at Shamblin's trial.

{¶16} It is axiomatic that the State has the burden of proving all essential elements of an offense beyond a reasonable doubt. R.C. 2901.05; *State v. Henderson,* 58 Ohio St.2d 171, 173 (1979) (a prior conviction that is an element of the present offense must be proven beyond a reasonable doubt). "It is well settled that a prior conviction which elevates the degree of a subsequent offense is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense." S*tate v. Adams,* 106 Ohio App.3d 139, 143 (10th Dist.1995), citing *Allen*, *supra*, 29 Ohio St.3d (1987). In *State v. Ireson,* 72 Ohio App.3d 235 (4th Dist. 1991), in the context of an appeal of a domestic violence conviction, this court held that an accused has no right to a bifurcated proceeding absent the enactment by the General Assembly of a statute conferring such right. *Id.* at 240.

{¶17} In *State v. Brooke,* 2007-Ohio-1533, the Supreme Court of Ohio, in the context of appeal of felony DUI conviction, observed that "When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the State." *Id.* at ¶ 8. Somewhat more recently, in *Leasure*, the appellant contended that the trial court erred by failing to bifurcate the proceedings so that the refusal element would be tried to the bench (or stipulated to) while the remaining elements of R.C. 4511.19(A)(2) would be tried separately to the jury. This Court reasoned: "It follows, that because the State is required to prove all such elements beyond a reasonable doubt, a defendant is not entitled to bifurcate proceedings or waive a jury trial on one element alone." *Leasure* at ¶ 39, citing *Adams,* 142–144. *See also State v. S.D.K.,* 2021-Ohio-63, ¶ 33 (8th Dist.) (In context of appeal of conviction of felony violation of protection order, a defendant is not entitled to bifurcated proceedings, nor may he waive jury trial on the prior conviction element alone); *State v. Hill*, 2019-Ohio-3921, ¶ 82 (2d Dist.) (In context of Hill's conviction for weapons under disability charge, defendant is not entitled to bifurcated proceedings, nor may he waive jury trial on the prior conviction element alone); *State v. Showalter,* 2018-Ohio-5411, ¶ 17 (In context of appeal of OVI conviction,

no ineffective assistance of counsel found due to counsel's failure to seek

bifurcation because bifurcation of the prior conviction was not permissible);

*State v. Ramsey,* 2015-Ohio-4812, ¶ 69 (5th Dist.) (In context of conviction

involving prior rape, defendant not entitled to bifurcate proceedings).

{¶18} Based on the foregoing, we find no merit to Shamblin's

contention that the trial court should have ordered bifurcation of an essential

element required to be proven by the State, Shamblin's prior conviction for

OVI. We find the trial court did not abuse its discretion by denying

Shamblin's implicit request. Accordingly, the first assignment of error is

hereby overruled.

{¶19} Encompassed within both the first and second assignments of

error, Shamblin also argues that submitting the prior conviction element to

the jury unfairly prejudiced him. At the sidebar conference at trial,

Shamblin's counsel argued:

> In general, a prosecutor is free to accept or reject
> any stipulations offered by the defendants. However, once
> the State agrees to a stipulation, it's bound by it and should
> not make any further reference to evidence, other than the
> stipulation itself as proof of a prior offense.

On appeal, Shamblin points out that he was convicted of a per se level of

drugs in his blood based on a lab report with "no evidence supporting its

reliability." Shamblin contends that because there was no evidence other

than the lab report that he had used methamphetamine, it was unfairly prejudicial for the jury to see evidence that he had driven dangerously in the past due to substance abuse.

{¶20} This argument presents an evidentiary question. The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *See State v. Sanyasi*, 2024-Ohio-2042, ¶ 19 (5th Dist.); *State v. Rowland*, 2024-Ohio-1660, ¶ 61 (4th Dist.).

{¶21} Evid R. 403, exclusion of relevant evidence on grounds of prejudice, confusion, or undue delay, provides:

> (A) Exclusion Mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

> (B) Exclusion Discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.

With certain exceptions, Evid.R. 404 generally provides that character evidence is not admissible "for the purpose of proving an action in conformity therewith on a particular occasion."

{¶22} Shamblin directs this court to *Old Chief v. United States,* 519 U.S. 172 (1997), and *State v. Creech*, 2016-Ohio-8440, wherein the Ohio

Supreme Court adopted the reasoning from *Old Chief* in analyzing Evid.R.
403. In sum, *Old Chief* bars evidence of prior convictions offered solely to
prove a defendant's status as a convicted criminal. *See State v. Varner*,
2020-Ohio-1329, ¶ 46 (11th Dist.).

{¶23} *Old Chief* was willing to stipulate he had previously been
convicted of a crime requiring imprisonment for more than one year, which
was an element of one of the crimes with which he was newly charged. *Id.*
at 174. The United States refused the stipulation and the district court
agreed, allowing in the judgment entry regarding the prior conviction. *Old
Chief* at 177. The Ninth Circuit Court of Appeals affirmed. *Id.* The U.S.
Supreme Court granted Old Chief's petition for a writ of certiorari and
reversed. *Id.* at 178. Analyzing the case under Fed.R.Evid. 403, the United
States Supreme Court concluded that when the sole issue pertaining to a
prior conviction is a defendant's legal status—i.e., whether a defendant is
subject to prosecution and conviction for the presently charged crime due to
a prior conviction—then, the government is required to accept a defendant's
stipulation regarding the prior conviction to avoid unfair prejudice. *Old
Chief* at 190–192.

{¶24} In *Creech,* the defendant was facing charges of having a
weapon while under disability in violation of R.C. 2923.13. The State

needed to prove that Creech had a prior conviction for a felony offense of violence or a felony drug offense and Creech offered to stipulate to any one of three disabilities under which he had been charged. The State refused to allow the stipulation. At trial, the State mentioned in opening statement and closing argument Creech's prior convictions for possesion of crack cocaine, felonious assault with a deadly weapon, and his indictment for an aggravated drug trafficking offense near a school. The State also presented evidence from a detective about Creech's prior convictions and indictment and introduced into evidence certified copies of the judgment entry.

{¶25} After being convicted, Creech appealed and the Seventh District reversed, finding the trial court erred when it did not require the State to stipulate to Creech's indictment and prior convictions. The Supreme Court of Ohio agreed with the Seventh District. *Creech* has been easily distinguished by other appellate districts.

{¶26} In *State v. Jozwiak*, 2020-Ohio-3694 (12th Dist.), an appeal of a felony OVI conviction, the appellant asserted ineffective assistance of counsel when his trial attorney failed to object to additional evidence regarding his prior convictions despite the fact that he had stipulated to his prior conviction. Jozwiak argued that emphasis on the prior convictions created unfair prejudice in violation of Evid.R. 403 and 404 because it

demonstrated evidence of a propensity to operate his vehicle while impaired.

The Twelfth District discussed the applicability of *Old Chief* and *Creech* as

follows:

> While both of those cases involved an offense that required proof of a prior conviction as an essential element to the underlying offense, in *Old Chief* and *Creech,* that essential element could be established by a *type* of conviction instead of a *specific* conviction. (Emphasis added.) The United States Supreme Court determined that "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes" that would provide the qualifying effect to satisfy the essential element. *Old Chief* at 190-191. Similarly, the Ohio Supreme Court determined that under Ohio law a conviction for a broad category of crimes would provide the qualifying effect. *Creech* at ¶ 34-35. In a prosecution for these offenses, a defendant's stipulation or offer to stipulate to the prior conviction provides the same evidentiary value to the government as if the government presents its own evidence. This is because it is the *legal status* conferred by the prior conviction and not a *specific* conviction that proves the necessary element in the underlying offense. (Emphasis added.) As such, a stipulation discounts the probative value of the government's evidence. Furthermore, a stipulation lessens the danger of unfair prejudice by limiting the government's ability to reveal the name and nature of the prior conviction. *Id.* at ¶ 38-40.

*Jozwiak,* at ¶ 29.

{¶27} The *Jozwiak* court continued:

> Conversely, the relevant statutes for the cause sub judice—R.C. 4511.19(A)(2) and (G)(1)(e)—require proof of a specific offense, a prior OVI conviction, to prove an essential element of the underlying offense. (Citation

omitted.) Unlike in *Old Chief* and *Creech*, a stipulation to prior convictions in an OVI prosecution does not discount the probative value of the state's evidence because either alternative includes the existence of the prior OVI conviction. As the Eighth District Court of Appeals has explained, "[t]here was never a mystery to protect as to what [the defendant's] prior offense had been" when the state must prove a prior OVI conviction as part of an OVI prosecution. *Cleveland v. Giering,* 2017-Ohio-8059, ¶ 24. Similarly, the Second District Court of Appeals has explained that "there is little difference in terms of impact on the jury between the information that might have been contained in a stipulation and the basic fact of [the defendant's] prior convictions as set forth in [the officer's] testimony and [a documentary exhibit]" at trial for an OVI offense. *State v. Wood*, 2018-Ohio-875, ¶ 40. Therefore, a defendant's stipulation to a prior conviction at an OVI trial does not provide the same benefit as described in *Old Chief* and *Creech.*

*Jozwiak*, at ¶ 30. *See also State v. S.D.K., supra,* (In appeal of conviction for violation of protection order, Eighth District found no error or violation of *Creech,* noting that reliance on *Creech* is misplaced when the State needs to specifically prove as an element of the offense that a defendant was previously convicted of a *specific* offense. *Id.* at ¶ 36.) (Emphasis added.)

{¶28} In *State v. Walker,* 2022-Ohio-1238 (8th Dist.), the State needed to prove that the defendant was convicted of domestic violence on two prior occasions. Prior to trial, Walker filed a motion in limine requesting the court to preclude the State from offering at trial any evidence, argument, and testimony of his prior convictions. He offered to stipulate the

number of prior convictions. The trial court did not rule on this motion and at trial a detective testified that Walker had "a prior DV." Prior judgment entries apparently came into evidence which contained the name of the victim in the prior offenses. On appeal, Walker argued that when a defendant stipulates he has prior convictions for domestic violence, then any other information presented to the trier of fact is irrelevant and unfairly prejudicial. In its opinion, the *Walker* court observed:

> During voir dire, defense counsel told the jury that Walker had prior domestic violence convictions—the name and nature of the offenses were therefore not a mystery to the jury. Additionally, the state did not present any facts regarding the prior convictions to the jury. Finally, the trial court instructed the jury that Walker's prior convictions could not be used as character evidence. Thus, much like in *S.D.K.,* there was no *Creech* violation.

*Id*. at ¶ 27.[2]

{¶29} Based on our review of the record, we find the trial court did not abuse its discretion in admitting State's Exhibit One, a certified copy of Shamblin's prior OVI conviction from another county into evidence. Applying the above reasoning from the Eighth District cases, we observe that, as discussed above, during opening statement, the prosecutor informed

---

[2] The appellate court also observed that Walker had not properly preserved the former issue for review on appeal, found that the trial court committed error in admitting uncertified copies of the prior convictions, but also found that Walker had not raised the latter issue and thus, it could not be considered even under plain error analysis.

the jury that there would be a certified copy of Shamblin's prior OVI

conviction from another county.  At the close of the State's case, the

certified copy of the OVI conviction was admitted into evidence without

objection.  And, in closing argument, the prosecutor reminded the jury that it

would be required to find that Mr. Shamblin had a prior conviction and that

they would see a certified copy of it.

{¶30} During the jury instructions prior to deliberation, the trial court

stated:

> If you find the defendant guilty, you will be asked
> to deliberate further to decide if Mr. Shamblin has a prior
> felony conviction for operating a motor vehicle under the
> influence of alcohol or a drug of abuse.  If you find the
> defendant not guilty, you will not consider this issue.

Later, during the closing jury instructions, the trial court explained the

stipulation and provided a limiting instruction as follows:

> The parties have stipulated that the defendant was
> convicted of a prior criminal felony OVI offense as set
> forth in State's exhibit one.  That evidence was received
> because prior conviction is an element of the offense
> charged.  It was not received, and you may not consider it,
> to prove the character of the defendant in order to show he
> acted in conformity with that character.  It does not follow
> from the defendant's past acts that he committed the
> particular crimes charged in this case.

{¶31} As part of ordinary trial procedure, the trial court also discussed

the verdict forms.  The court read as follows:

SPECIFICATION WITH RESPECT TO COUNT TWO
STATES:

> We, the jury in this case, duly impaneled, sworn, or
> affirmed, having found Ronald L. Shamblin, Jr., guilty of
> operating a motor vehicle under the influence of a drug of
> abuse further finds that defendant had previously been
> convicted of a violation of division A or B of Section
> 4511.19 that was a felony in Franklin County Common
> Pleas Court Case 18CR357 on June 13, 2019.  Yes or no,
> whichever would be your finding, you circle one….

{¶32} At trial the State was required to prove all essential elements of the indicted count of felony OVI.  As in *Walker* and *S.D.K.,* the State was required to prove that Shamblin was previously convicted of a specific offense.  During trial, the prosecutor did not elicit any additional and possibly inflammatory or otherwise unfairly prejudicial testimony from any witness about the facts of the underlying prior conviction.[3]  State's Exhibit One consists of Shamblin's Entry of Guilty Plea and the Judgment Entry of Sentence from the prior conviction.  Nothing in Exhibit One provides any underlying facts about the prior OVI conviction.  For example, there is nothing indicating that Shamblin was uncooperative; nothing indicating that

---

[3] *See also State v. Wood,* 2018-Ohio-875 (2d Dist.), where officer's testimony about prior convictions and certified copies of the convictions revealed "only the most basic information establishing the prior convictions (i.e. the offense, the dates of the offense and conviction, the court in which the case was resolved, Wood's plea, and the fact of his conviction)."  *Id.* at ¶ 39.  The prior offenses were mentioned "only very briefly by the State in opening and closing, as elements that the State would prove or had proven. No details were provided." *Id.,* distinguishing *Wood* from *Creech, supra,* where "the State was allowed to present detailed information about the specific circumstances surrounding prior convictions… after [Creech] had offered to stipulate to any of the three disabilities under which he had been charged." *Wood,* at ¶ 40.

Shamblin failed to obey law enforcement orders; and nothing indicating that Shamblin or any other person was hurt during the prior OVI incident.

{¶33} Furthermore, nothing about the existence of Shamblin's prior OVI conviction was a "mystery" to the jury because of the references to it in opening and closing, the trial court's explanation of the stipulation, and the court's explanation of the verdict forms. Also determinative is the fact that the trial court provided a limiting instruction to the jury instructing them that the prior OVI conviction could not be considered as character evidence in order to show that Mr. Shamblin acted in conformity with said evidence.

{¶34} Based on the foregoing, we find no merit to Shamblin's second assignment of error that the trial court erred by admitting Shamblin's prior conviction, Exhibit One, into evidence at his trial. The trial court did not abuse its discretion. Accordingly, the second assignment of error is also without merit and is hereby overruled.

{¶35} Having found no merit to either of Appellant's assignments of error, the judgment of the trial court is hereby affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**