[Cite as *State v. Washington*, 2011-Ohio-2711.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

QUINCY T. WASHINGTON, JR.

    Appellant

C.A. No.     10CA009778

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    09TRC02695

DECISION AND JOURNAL ENTRY

Dated: June 6, 2011

---

BELFANCE, Presiding Judge.

**{¶1}** Defendant-Appellant Quincy T. Washington, Jr. appeals from the judgment of the Oberlin Municipal Court. For the reasons set forth below, we dismiss the appeal.

I.

**{¶2}** On July 19, 2009, Mr. Washington was charged with driving under the influence in violation of R.C. 4511.19(A)(1)(a), having a breath alcohol concentration in excess of .08 in violation of R.C. 4511.19(A)(1)(d), for weaving in violation of Amherst Codified Ordinance 331.34, and for failure to obey a traffic control device in violation of Amherst Codified Ordinance 313.01. Mr. Washington filed a motion to suppress, which was subsequently denied following a hearing. Thereafter Mr. Washington pleaded no contest to the violation of R.C. 4511.19(A)(1)(a); the violation was Mr. Washington's third such offense in six years. The remaining charges were dismissed.

**{¶3}** Mr. Washington was sentenced to the following: one hundred eighty days in jail with one hundred fifty days suspended, a fine of $850, six points were placed on his license, and his license was suspended. In addition, the entry noted that "[t]he vehicle is subject to forfeiture – See Separate Entry." The trial court then filed an "Order of Notice of Proceedings for Criminal Forfeiture of Vehicle[,]" which provided that "the court will order the criminal forfeiture of the vehicle * * *unless the owner or other person having a right, title or interest in the vehicle can show cause why the vehicle should not be forfeited." The order scheduled a forfeiture hearing for April 1, 2010 and ordered that the Amherst Police Department search public records for possible lien holders or others with an ownership interest. A lien holder was subsequently located.

**{¶4}** On February 22, 2010, Mr. Washington filed a notice of appeal in this Court, raising two assignments of error. This Court issued a show cause order questioning whether the judgment was final and appealable. This Court noted that the judgment entry stated that the vehicle was subject to forfeiture, but referenced a separate entry. Further, we noted that the hearing on forfeiture had not yet occurred. In response, the trial court issued another judgment entry which incorporated the language from the "Order of Notice of Proceedings for Criminal Forfeiture of Vehicle[.]" This Court supplemented the record with the new entry.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN DENYING MR. WASHINGTON'S MOTION TO SUPPRESS BY FINDING THAT THE ARRESTING OFFICER HAD SPECIFIC AND ARTICULABLE FACTS TO JUSTIFY ORDERING MR. WASHINGTON FROM HIS VEHICLE AND SUBJECTING HIM TO FIELD SOBRIETY TESTS."

ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE FOR MR. WASHINGTON'S ARREST ON THE BASIS OF OFFICER MURPHY'S OBERVATIONS OF MR. WASHINGTON DURING AN INCORRECTLY ADMINISTERED FIELD SOBRIETY TEST."

{¶5} The Ohio Constitution limits this Court's appellate jurisdiction to the review of judgments or final orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. The Supreme Court of Ohio has clarified that a judgment entry of a criminal conviction is final and appealable order pursuant to R.C. 2505.02 when it contains: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶18.

{¶6} In the instant matter, Mr. Washington pleaded no contest to violating R.C. 4511.19(A)(1)(a), with the violation at issue being his third offense in six years. Pursuant to R.C. 4511.19(G)(1)(c)(v),

> "[e]xcept as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses is guilty of a misdemeanor. The court shall sentence the offender to * * * [i]n all cases, if the vehicle is registered in the offender's name, criminal forfeiture of the vehicle involved in the offense in accordance with section 4503.234 of the Revised Code. Division (G)(6) of this section applies regarding any vehicle that is subject to an order of criminal forfeiture under this division."

Here there is evidence in the record that Mr. Washington was the owner of the vehicle and there is no indication that the vehicle was not registered in his name. Thus, part of his sentence, as mandated by R.C. 4511.19(G)(1)(c)(v), was the criminal forfeiture of his vehicle in accordance with R.C. 4503.234. Because the forfeiture of the vehicle must be in accordance with R.C. 4503.234, see R.C. 4511.19(G)(1)(c)(v), the plain language of R.C. 4511.19(G)(1)(c)(v) requires

that the procedures outlined in R.C. 4503.234 take place prior to sentencing. One of the requirements of R.C. 4503.234(A) is that "[a] forfeiture order may be issued only after the offender has been provided with an opportunity to be heard." In the instant matter, the trial court has not yet held a forfeiture hearing to determine the disposition of the vehicle. Thus, because the legislature specifically stated that forfeiture of the vehicle in accordance with R.C. 4503.234 is part of the sentence if the vehicle is registered in the defendant's name, R.C. 4511.19(G)(1)(c)(v), and the Supreme Court has unequivocally stated that a judgment of conviction must include the sentence in order for it to be final and appealable, *Baker* at ¶18, Mr. Washington's criminal judgment entry cannot be final until the procedures outlined in R.C. 4503.234 are completed and the outcome of the forfeiture hearing can be made part of the sentencing entry. Based upon the language of the statute, we discern that the legislature contemplated a process whereby the state would request a forfeiture hearing at the outset of the case such that the forfeiture proceeding could occur prior to or in conjunction with the sentencing of the defendant. We emphasize that our determination is based upon the language contained in the above statutes and that we do not determine the finality of other journal entries relying upon different provisions of the Ohio Revised Code. Accordingly, we dismiss Mr. Washington's appeal.

### III.

**{¶7}** In light of the foregoing, we dismiss the appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS

MOORE, J.
CONCURS, SAYING:

{¶8}  I concur in the majority opinion, as I believe it correctly interprets R.C. 4503.234 and R.C. 4511.19 in such a way as to give effect to each provision.  See *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, at ¶45, quoting *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372 ("'the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict.'").  I write separately to point out some practical considerations flowing from our decision that may not have been considered by the legislature at the time the provisions were enacted.  Our decision today essentially requires a delay between conviction and sentencing if the forfeiture of a vehicle is contemplated.  There are potential issues of whether a defendant who is incarcerated in lieu of bond will be held in jail pending the holding of a forfeiture hearing which could require months in order to comply with notice provisions and to permit interested parties to appear and protect their property interests.  Defendants who might remain free on bond may be delayed for months in beginning court ordered substance abuse treatment because of the delay occasioned by

the forfeiture hearing. Administratively, judges will be prevented from closing cases at the time of a plea or the conclusion of trial if forfeiture is sought because the statute provides forfeiture as a part of the sentence.

{¶9} While the majority suggests at paragraph 6 "…we discern that the legislature contemplated a process whereby the state would request a forfeiture hearing at the outset of the case such that the forfeiture proceeding could occur prior to or in conjunction with the sentencing of the defendant", this presumes that at the time the officer files the charging document, which in some cases is mere hours after arrest, he or she has access to information regarding ownership interest in the vehicle. In practice, this is not feasible. In the case before us, because it was filed as a misdemeanor in the Municipal Court, no indictment is presented to the grand jury seeking forfeiture specifications. It is much more probable that information regarding possible forfeiture is acquired after the filing of the arrest document during ongoing investigations leading up to trial. To the extent that the legislature considered the issue, I would suggest that it anticipated the state making a request for forfeiture at some point before trial or plea, with the court scheduling a hearing after trial or plea but before sentencing.

{¶10} Because I anticipate today's decision to significantly effect change in the manner in which forfeitures are handled in criminal cases involving these two statutes, I would urge some consideration by the legislature of the impact that today's decision will have on the timing of sentencing, the ability of trial court judges to expeditiously comply with forfeiture notice provisions, and the impact that delayed sentencing might have on jail overcrowding.

APPEARANCES:

JACK W. BRADLEY and BRIAN J. DARLING, Attorneys at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.