[Cite as *State v. Cremeans*, 2017-Ohio-4400.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Willam B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TYLER CREMEANS | : | Case No. 16-CA-00006 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Perry County Court,
                                 Case No.  TRC 1600150

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                June 19, 2017

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

NANCY NASH RIDENOUR                      DENNIS P. EVANS
Assistant Prosecuting Attorney           2000 W. Henderson Rd, Ste 460
PO Box 569                               Columbus, Ohio 43220
New Lexington, Ohio 43764

*Baldwin, J.*

**{¶1}** Defendant-appellant Tyler Cremeans appeals from the July 18, 2016 Judgment Entry of the Perry County Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 24, 2016, appellant was arrested and charged with driving under the influence of alcohol/drugs (OVI) in violation of R.C. 4511.19(A)(1)(a) and (A)(2) and driving left of center in violation of R.C. 4511.25. On the night of his arrest, appellant was issued a uniform traffic ticket and a copy of BMV form 2255. The ticket indicated that appellant had two prior OVIs.

**{¶3}** On or about January 28, 2016, the Ohio Department of Public Safety sent a letter to the Perry County Municipal Court stating that it was seeking forfeiture of appellant's vehicle since it was this third OVI offense within six years. At his arraignment on January 28, 2016, appellant entered a plea of not guilty to the charges.

**{¶4}** Thereafter, on May 31, 2016, appellant withdrew his former not guilty plea and entered a plea of guilty to driving under the influence in violation of R.C. 4511.19(A)(2). As memorialized in a Judgment Entry filed on July 18, 2016, appellant was ordered to serve 250 days in jail and fined $1,000.00. The trial court, however, suspended 180 days and ordered that appellant serve 55 days on house arrest. Appellant also was placed on intensive probation for a period of two years under specified conditions and ordered to forfeit his vehicle. His driver's license also was suspended for a period of two years .The remaining charges were dismissed.

**{¶5}** Appellant now raises the following assignment of error on appeal:

**{¶6}** THE TRIAL COURT ERRED IN FORFEITING THE DEFENDANT-APPELLANT'S 2010 FORD FUSION, VIN NUMBER 3FAHPOHA8AR223745, BECAUSE NONE OF THE REQUIREMENTS OF ORC 4511.19, ORC 4511.195 AND ORC 4503.234 WERE COMPLIED WITH IN VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS UNDER BOTH THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION AND ORC 4511.19, ORC 4511.195 AND ORC 4503.234.

I

**{¶7}** Appellant, in his sole assignment of error, argues that the trial court erred in ordering the forfeiture of his vehicle without complying with R.C. Chapter 45.

**{¶8}** Appellant, in the case sub judice, was arrested for OVI under R.C. 4511.19(A)(2). Because it was his third such offense within 6 years, his vehicle was subject to forfeiture under the provisions of R.C. 4503.234. See R.C. 4511.19(G)(1)(c)(v).

**{¶9}** R.C. 4503.234 states, in relevant part, as follows:

If a court orders the criminal forfeiture of a vehicle pursuant to section 4503.233, 4503.236, 4510.11, 4510.14, 4510.161, 4510.41, 4511.19, 4511.193, or 4511.203 of the Revised Code, the order shall be issued and enforced in accordance with this division, subject to division (B) of this section. An order of criminal forfeiture issued under this division shall authorize an appropriate law enforcement agency to seize the vehicle ordered criminally forfeited upon the terms and conditions that the court determines proper... A forfeiture order may be issued only after the offender has been provided with an opportunity to be heard. The prosecuting

attorney shall give the offender written notice of the possibility of forfeiture by sending a copy of the relevant uniform traffic ticket or other written notice to the offender not less than seven days prior to the date of issuance of the forfeiture order. A vehicle is subject to an order of criminal forfeiture pursuant to this division upon the conviction of the offender of or plea of guilty by the offender to a violation of division (A) of section 4503.236, section 4510.11, 4510.14, or 4511.203, or division (A) of section 4511.19 of the Revised Code, or a municipal ordinance that is substantially equivalent to any of those sections or divisions.

{¶10} We note that appellant, in his brief, cites to R.C. 4511.195(B)(2). Such section states as follows:

A law enforcement agency that employs a law enforcement officer who makes an arrest of a type that is described in division (B)(1) of this section and that involves a rented or leased vehicle that is being rented or leased for a period of thirty days or less shall notify, within twenty-four hours after the officer makes the arrest, the lessor or owner of the vehicle regarding the circumstances of the arrest and the location at which the vehicle may be picked up. At the time of the seizure of the vehicle, the law enforcement officer who made the arrest shall give the arrested person written notice that the vehicle and its license plates have been seized; that the vehicle either will be kept by the officer's law enforcement agency or will be immobilized at least until the operator's initial appearance on the charge of the offense for which the arrest was made; that, at the initial appearance,

the court in certain circumstances may order that the vehicle and license plates be released to the arrested person until the disposition of that charge; and that, if the arrested person is convicted of that charge, the court generally must order the immobilization of the vehicle and the impoundment of its license plates, or the forfeiture of the vehicle. (Emphasis added).

{¶11} We find such section inapplicable because it pertains to an arrest that involves a rented or leased vehicle that is being rented or leased for a period of thirty days or less.

{¶12} Thus, the issue becomes whether or R.C. 4503.234 was complied with. As is stated above, R.C. 4503.234 requires that the prosecuting attorney give the offender written notice of the possibility of forfeiture by sending a copy of the relevant uniform traffic ticket or other written notice to the offender not less than seven days prior to the date of issuance of the forfeiture order. Appellant was issued a uniform traffic ticket at the time of his arrest that indicated that appellant had two prior convictions for OVI. During the course of discovery, in February of 2016, appellant's counsel was provided with a copy of the same and a copy of the BMV form 2255 that was provided to the State by the arresting agency. The copy of the BMV form 2255 sent to appellant as part of discovery contained a notification that appellant's vehicle was subject to forfeiture. We find that appellant was provided the requisite notice within 7 days of the May 31, 2016 hearing.

{¶13} However, appellant argues that the trial court did not comply with R.C. 4503.234 because it did not provide him an opportunity to be heard prior to ordering forfeiture of his vehicle.

**{¶14}** At the May 31, 2016 hearing, appellant entered his guilty plea and the trial court started sentencing him immediately. Appellant's sentence included the forfeiture of his vehicle. As noted by the court in *State v. Washington,* 9th Dist. Lorain No. 10CA009778, 2011 -Ohio- 2711 at paragraph 6: "[b]ecause the forfeiture of the vehicle must be in accordance with R.C. 4503.234, see R.C. 4511.19(G)(1)(c)(v), the plain language of R.C. 4511.19(G)(1)(c)(v) requires that the procedures outlined in R.C. 4503.234 take place prior to sentencing. One of the requirements of R.C. 4503.234(A) is that '[a] forfeiture order may be issued only after the offender has been provided with an opportunity to be heard'." (Emphasis added).

**{¶15}** Appellant was not provided an opportunity to be heard prior to the onset of sentencing, which included the forfeiture order. However, after defense counsel then asked to be heard on the condition of forfeiture, the trial court heard from both defense counsel and the State. The trial court then finished sentencing appellant[1] and again ordered forfeiture of the vehicle. Appellant thus had an opportunity to be heard.

**{¶16}** Appellant's sole assignment of error is, therefore, overruled.

---

[1] The second time, at the request of appellant, the trial court added the condition that appellant be given work release while on house arrest.

{¶17}  Accordingly, the judgment of the Perry County Court is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.