[Cite as *State v. Woody*, 2020-Ohio-621.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-01-001 |
| | : | O P I N I O N |
| - vs - | | 2/24/2020 |
| | : | |
| ANTHONY W. WOODY, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 18-500-215

Richard W. Moyer, Clinton County Prosecuting Attorney, Alex A. Cruse, 103 East Main Street, Wilmington, Ohio 45177, for appellee

Timothy Young, Ohio Public Defender, Marley C. Nelson, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

**RINGLAND, J.**

{¶ 1}   Appellant, Anthony W. Woody, Jr., appeals his conviction in the Clinton County Court of Common Pleas for failure to comply with an order or signal of a police officer.  For the reasons detailed below, we affirm the conviction.

{¶ 2}   In May 2018, the mother of appellant contacted a city of Wilmington police officer to request a welfare check on appellant and gave a description of the vehicle she

believed appellant to be operating. The officer located the subject vehicle driving along a city street. The officer began to follow the vehicle. During this initial contact the officer saw the subject vehicle's operator turn around in his seat to stare face-to-face at the officer, such that the officer visually identified the operator as appellant. The officer radioed for nearby police units to converge on his location to assist him and requested a status check on appellant's driver's license. The officer's sergeant was near their location and proceeded to the area. The sergeant encountered the subject vehicle at an intersection and turned onto the street in an effort to further identify the subject vehicle's operator as appellant. At that time, the officers received notification from the police communication center that appellant's license was suspended. The initial officer then activated his police vehicle's emergency lights to initiate a traffic stop. Appellant disregarded this signal and drove away.

{¶ 3} Both police officers then pursued appellant with their lights and siren activated. At one point during this chase, the initial officer saw appellant again turn around and appear to yell and gesticulate at him. Throughout this incident, appellant failed to stop at multiple stop signs and red traffic lights and nearly collided with cross traffic at one intersection. Furthermore, appellant fled through the city and county streets at nearly twice the posted limit. Appellant led the pursuing officers outside the city limits and through the surrounding area. When appellant turned northbound on State Rt. 380, the sergeant terminated the chase as a safety precaution and put out a bulletin to the surrounding law enforcement agencies to be on the lookout for the subject vehicle and appellant.

{¶ 4} A short while later, sheriff's deputies in Greene County responded to two calls for service. One call involved a vehicle abandoned in the lane of travel matching the description of the subject vehicle. The other call involved a suspicious person walking along the side of the road. In response, deputies located the "suspicious" individual and identified him as appellant. The deputies detained appellant and transported him back to the

abandoned subject vehicle three to four miles away. The deputies found appellant in possession of keys to that vehicle. Appellant was then arrested.

{¶ 5} Based on those events, appellant was indicted on one count of failure to comply with an order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a). The case proceeded to a jury trial in November 2018. At trial, the prosecution presented a video of the pursuit recorded from a camera in the sergeant's patrol vehicle and the testimony of three law enforcement officers: the two Wilmington police officers involved in the chase and one of the Greene County deputies who later assisted in appellant's apprehension. The defense called one alibi witness to testify. Finally, the state presented rebuttal evidence through an investigator who interviewed the alibi witness and a video recording of the interview. At the conclusion of the trial, the jury found appellant guilty as charged. At the sentencing hearing, the trial court ordered appellant to serve 18 months in prison for this conviction.

{¶ 6} Appellant now appeals, raising one assignment of error for review:

{¶ 7} ANTHONY W. WOODY, JR., RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO OBJECT TO INADMISSIBLE AND PREJUDICIAL EVIDENCE OF ALLEGED BAD ACTS. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION; STRICKLAND V. WASHINGTON, 466 U.S. 668, 687, 104 S.CT. 2052, 80 L.ED.2D 674 (1984); STATE V. BRADLEY, 42 OHIO ST.3D 136, 538 N.E.2D 373 (1989); EVID.R. 403(A); EVID.R. 802; TRIAL TR. 70, 81, 97.

{¶ 8} In his sole assignment of error, appellant argues that he received ineffective assistance of counsel because his trial counsel did not object to several statements made by the testifying Wilmington police officers regarding appellant's mental health and other bad acts in violation of Evid. R. 404. Specifically, appellant points to one officer's statements

that appellant had "mental health issues at the moment," "was a suspect in a burglary" involving firearm theft, and had a "history of drugs, a history of possible weapons in the vehicle," in addition to the sergeant's statements that the initial citizen's report indicated appellant "may be also on some type of controlled substance." These statements prejudiced appellant, he argues, because they served as character evidence that could have been used by the jury to improperly decide guilt based on appellant's propensity to commit crime. We find appellant's argument lacks merit.

{¶ 9} The accused in a criminal proceeding has the right to effective assistance of counsel under both the United States and Ohio Constitutions. Sixth Amendment to the U.S. Constitution; Article I, Section 10 of the Ohio Constitution; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052 (1984); *State v. Hester*, 45 Ohio St.2d 71 (1976). On review, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. Appellant bears the burden of proving that his trial counsel was constitutionally infirm. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 142. To prevail on an ineffective assistance of counsel claim, appellant must establish that (1) his trial counsel's performance was deficient, that is, it fell below an objective standard of reasonable representation, and (2) he suffered prejudice, that is, there is a reasonable probability the outcome of the proceeding would have been different but for trial counsel's errors. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 16, citing *Strickland* at 687-688 and *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland* at 694.

{¶ 10} Appellant has failed to demonstrate that his trial counsel's performance was deficient. This court has repeatedly held that trial strategy, even debatable strategy, is not

a basis for finding ineffective assistance of counsel. *State v. Bradford*, 12th Dist. Warren No. CA2010-04-032, 2010-Ohio-6429, ¶ 98; *State v. Wood,* 12th Dist. Madison No. CA2018-07-022, 2020-Ohio-422, ¶ 28; *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 41 (12th Dist.). It is not the role of a reviewing court to second-guess trial strategy. *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 52. As the Ohio Supreme Court has explained, experienced attorneys understand that an objection during trial could be a detriment to their client, therefore, to find error in any single failure to object must be so prejudicial as to essentially default the case to the prosecution or counsel must have so consistently failed to object—despite clear reason to do so—that the failure cannot be attributed to reasonable strategy. *Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404 at ¶ 140, citing *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir.2006). Appellant must show that the failure to object was a substantial violation of defense counsel's essential duties to him. *Id.* at ¶ 139, citing *State v. Holloway*, 38 Ohio St.3d 239, 244 (1988).

{¶ 11} At trial, appellant's trial counsel presented a defense of mistaken identity. In support of this defense, counsel presented an alibi witness to testify that appellant was in Xenia, Ohio at the time and day of the offense. Therefore, the officers' statements regarding appellant's mental health, substance abuse, and suspected involvement in a burglary were used by the defense to show that the officers had improperly identified appellant because they operated under confirmation bias that appellant was the vehicle's operator based on the initial report from appellant's mother. After our review of the record, we find that appellant's trial counsel performance did not fall below an objective standard of reasonable representation because the decision not to object was within reasonable trial strategy. Again, it is not ineffective assistance of counsel because the trial strategy was unsuccessful or there was another possible, better strategy available. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 25. Furthermore, none of the single statements

were so prejudicial as to default the case to the prosecution. Cumulatively, the statements were used by counsel within reasonable trial strategy to establish that these officers had a motive to misidentify the subject vehicle's operator.

{¶ 12} Finally, appellant has not demonstrated that these statements prejudiced him. The jury heard both Wilmington police officers testify that they were familiar with appellant and saw his face during the incident. The officers testified that they were confident they correctly identified the operator of the vehicle. Appellant was found, on foot, three to four miles away from the abandoned subject vehicle and had keys to that vehicle on his person. The vehicle, itself, was distinctive because of its color and the word "bubba" spray painted on one side. Furthermore, the jury was instructed not to use evidence of other acts to prove character or that the appellant acted in conformity with that character. Therefore, appellant has not established a reasonable probability that the outcome of the trial would have been different, but for those claimed errors.

{¶ 13} Accordingly, appellant's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.